UNITED STATES of America,
Plaintiff—Appellee,

v.

Miguel Angel RIVERA–OCHOA,
Defendant—Appellant.

No. 04–10533.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 15, 2005.

Gerard M. Guerin, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esq., Tucson, AZ, for Defendant–Appellant.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Miguel Rivera–Ochoa appeals his sentence imposed following his guilty plea to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He contends that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his Sixth Amendment rights were violated by the district court's non-jury fact findings regarding: (1) the amount and type of drugs used in setting his base offense level

under U.S.S.G. § 2D1.1(c)(3), and (2) his role in the offense under U.S.S.G. § 3B1.2. He was sentenced before the United States Supreme Court held in *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that the Sentencing Guidelines were effectively advisory, and he requests a remand for resentencing under the advisory Guidelines scheme. As the government notes, Rivera–Ochoa in fact received a minor role adjustment. Nonetheless, the record does not show how the district court would have proceeded had it known that the Guidelines were advisory rather than mandatory. We therefore remand for the district court to answer the question whether the sentence would have been materially different if it had known that the Guidelines were advisory, and for further proceedings under *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

REMANDED.